UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO P. HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. BASS, et al.,<br><br>    Defendants. | Case No. 24-cv-06286-TLT<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner incarcerated at San Quentin Rehabilitation Center (SQRC), has filed a pro se civil rights action in which he alleges violations of his constitutional rights by SQRC prison staff. He will be granted leave to proceed *in forma pauperis* in a separate order. For the reasons set forth below, service will be ordered on defendants.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**B.     Plaintiff's Claims**

Plaintiff writes that there are "over 100 plaintiffs," and lists John Riley and Jesse Rose as additional plaintiffs in his complaint.[1]  ECF 1 at 2.

Plaintiff names as defendants SQRC staff Lieutenant C. Bass, Sergeant M. Taylor, Sergeant E. Simpson, and Correctional Officer E. Castillo. He alleges that on October 8, 2022, defendants Bass, Simpson, and Taylor directed a correctional officer (presumably defendant Castillo) to perform an unclothed search on his person as various female nursing staff, kitchen

---

[1] Approximately nine other cases regarding this same unclothed body search have been filed in this district. In one of the cases, *Brown v. Bass, et al.*, Case No. 23-cv-0671 JST, the Court has denied defendants' motion to dismiss and set a briefing schedule for summary judgment.

2

staff, and correctional officers watched. Plaintiff states his civil rights were violated and refers to title 15 of the California Code of Regulations, section 3278(b). Plaintiff alleges he was traumatized emotionally. He seeks damages. He attaches a grievance and a response from the prison sustaining his complaint.

The Court dismisses proposed co-plaintiffs John Riley and Jesse Rose from this action. Neither of these people has signed the complaint, filed applications for leave to proceed *in forma pauperis*, or otherwise indicated that they wish to bring this action. Regardless, this action may not proceed with co-plaintiffs. Generally, a *pro se* plaintiff is prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted). This dismissal of John Riley #BR4912 and Jesse Rose #A43064 from this action is without prejudice to their filing a separate action should they so wish.

Liberally construed, plaintiff states a claim against all defendants for violating his Fourth Amendment rights. The Ninth Circuit has held that some cross-gender strip searches are unconstitutional. *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) ("*Byrd I*"). The regularity or frequency of the cross-gender searches or viewing of unclothed prisoners, as well as the "scope and manner of the intrusions," and the existence of a legitimate reason for them, are relevant to determining whether there is a violation. *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) ("*Byrd II*"). While plaintiff alleges a one-time public search, the scope and manner are enough to state a plausible claim. He alleges that female prison staff viewed him fully unclothed, with no obstruction, from very near, and without a legitimate reason.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiffs John Riley and Jesse Rose are dismissed.

2.  Plaintiff has stated a cognizable section 1983 Fourth Amendment claim against defendants Bass, Simpson, Taylor, and Castillo.

3.  The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Lieutenant C. Bass

    b. Sergeant M. Taylor

    c. Sergeant E. Simpson

    d. Correctional Officer E. Castillo

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint and attachment (ECF 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

1 requires defendants to cooperate in saving unnecessary costs of service of the summons and
2 complaint. If service is waived, this action will proceed as if defendants had been served on the
3 date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be
4 required to serve and file an answer before **sixty (60) days** from the date on which the CDCR
5 provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's
6 Office. (This allows a longer time to respond than would be required if formal service of
7 summons is necessary.) If defendants have not waived service and have instead been served by
8 the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being
9 served with the summons and complaint.

10   5.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil
11 Procedure. The following briefing schedule shall govern dispositive motions in this action:

12   a.   No later than **sixty (60) days** from the date their answer is due, defendants
13 shall file a motion for summary judgment or other dispositive motion. The motion must be
14 supported by adequate factual documentation, must conform in all respects to Federal Rule of
15 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
16 the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice
17 so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to
18 oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
19 in Rand must be served concurrently with motion for summary judgment). A motion to dismiss
20 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
21 However, the Court notes that under the law of the circuit, in the rare event that a failure to
22 exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule
23 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)
24 motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*
25 *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available
26 administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"),

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1 should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to
2 exhaust is not clear on the face of the complaint, defendants must produce evidence proving
3 failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence
4 viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to
5 summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment
6 should be denied and the district judge, rather than a jury, should determine the facts in a
7 preliminary proceeding.  *Id.* at 1168.

8       If defendants are of the opinion that this case cannot be resolved by summary judgment,
9 they shall so inform the Court prior to the date the summary judgment motion is due. All papers
10 filed with the Court shall be promptly served on plaintiff.

11       b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court
12 and served on defendants no later than **twenty-eight (28) days** after the date on which
13 defendants' motion is filed.

14       c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of
15 the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
16 must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
17 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
18 any fact that would affect the result of your case, the party who asked for summary judgment is
19 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
20 makes a motion for summary judgment that is supported properly by declarations (or other sworn
21 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
22 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
23 as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
24 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
25 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
26 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
27 F.3d at 962-63.

28       Plaintiff also is advised that—in the rare event that defendants argue that the failure to

exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

7. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: October 21, 2024

TRINA L. THOMPSON
United States District Judge